1

The Honorable Richard A. Jones

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

LAURA KROTTNER and ISHAYA
SHAMASA, individually and on behalf of all
others similarly situated,

No. C09-00216 (RAJ)

11

12

Plaintiffs,

13

v.

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS

14

STARBUCKS CORPORATION, a Washington
Corporation,

NOTED FOR HEARING:  May 29, 2009

15

16

Defendant.

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS
C09-00215 (RAJ)

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ........................................................................................ 1

II.     BACKGROUND ......................................................................................... 1

        A.      Starbucks Failed to Safeguard the PII of 97,000 Employees.............. 1

        B.      Starbucks Breached Its Duty of Care................................................ 2

        C.      Starbucks Breached Its Contractual Obligations ............................. 3

III.    ARGUMENT .............................................................................................. 5

        A.      Legal Standard .............................................................................. 5

        B.      Plaintiffs Have Alleged Article III Standing .................................... 6

                1.      The Injury to Plaintiffs' Private Personal Information
                        Satisfies Standing............................................................... 6

                2.      Plaintiffs Have Suffered an Injury in Fact Due to the
                        Increased Risk of Identity Theft ......................................... 8

        C.      Defendant Provides No Basis to Dismiss Plaintiffs' Negligence
                Claim........................................................................................... 11

                1.      Plaintiffs Have Pled the *Prima Facie* Elements of
                        Negligence ....................................................................... 11

                2.      Plaintiffs Have Alleged Sufficient Damages Under
                        Washington Law ............................................................... 12

                3.      The Economic Loss Rule Does Not Apply............................ 13

        D.      Defendant's Motion to Dismiss Plaintiffs' Contract Claim Is
                Without Merit.............................................................................. 16

IV.     CONCLUSION........................................................................................ 22

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Alejandre v. Bull*, 159 Wn.2d 674, 153 P.3d 864 (2007)................................................. 14, 15, 16

*Alex Hofrichter, P.A. v. Zuckerman & Venditti, P.A.*, 710 So.2d 127 (Fla. Dist. Ct. App. 1998) ........................................................................................................ 15

*Allen v. United Food & Commercial Workers Int'l Union*, 43 F.3d 424 (9th Cir. 1994) ........................................................................................................ 8

*Arcilla v. Adidas Promotional Retail Operations, Inc.*, 488 F. Supp. 2d 965 (C.D. Cal 2007)....................................................................................................... 9

*Baker v. Carr*, 369 U.S. 186 (1962).................................................................................... 7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .......................................................... 5

*Bell v. Acxiom Corp.*, No. 06-485, 2006 WL 2850042 (E.D. Ark. Oct. 3, 2006)...................... 10

*Bennett v. Spear*, 520 U.S. 154, (1997) ............................................................................ 6

*Brittingham v. Cerasimo, Inc.*, No. 08-216, 2009 WL 1010427 (N.D. Ind. Apr. 14, 2009) ....................................................................................................... 8, 10

*Brotherson v. Prof'l Basketball Club, LLC*, 604 F. Supp. 2d 1276 (W.D. Wash. 2009) ................................................................................................. 16, 20, 21

*Brust v. Newton*, 70 Wn. App. 286, 852 P.2d 1092 (1993) ....................................... 12

*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336 (9th Cir. 1996) ..................................... 19

*Calhoun v. Special Commitment Ctr.*, No. 08-5101, 2009 WL 674457 (W.D. Wash. Mar. 12, 2009) .......................................................................................... 6

*Caudle v. Towers, Perrin, Forster & Crosby, Inc.*, 580 F. Supp. 2d 273 (S.D.N.Y. 2008) ........................................................................................................ 8, 9

*Cent. Delta Water Agency v. United States*, 306 F.3d 938 (9th Cir. 2002) ............................... 10

*City of Kirkland v. Sheehan*, No. 01-2-09513-7, 2001 WL 1751590 (Wash. Super. May 10, 2001)................................................................................................... 7

*Duncan v. Alaska USA Fed. Credit Union, Inc.*, 148 Wn. App. 52, 199 P.3d 991 (2008) ....................................................................................................... 16

*Duncan v. Northwest Airlines, Inc.*, 203 F.R.D. 601 (W.D. Wash. 2001)........................... 12, 13

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS
C09-00216 (RAJ) Page - ii

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*EMC Mortgage Corp. v. Jones*, 252 S.W.3d 857 (Tex. App. 2008) .......................................... 13

*Equity Lifestyles Property, Inc. v. County of San Luis Obispo*, 548 F.3d 1184 (9th Cir. 2008) ......................................................................................................................... 6

*Farrell v. Neilson*, 43 Wn.2d 647, 263 P.2d 264 (1953) ...................................................... 20, 21

*Giordano v. Wachovia Sec., LLC*, No. 06-476, 2006 WL 2177036 (D.N.J. July 31, 2006) ......................................................................................................................................... 10

*Hartman v Summers*, 120 F.3d 157 (9th Cir. 1997) ................................................................... 10

*Heaton v. Imus*, 93 Wn.2d 249, 608 P.2d 631 (1980) ............................................................... 17

*Higgins v. Egbert*, 28 Wn.2d 313, 182 P.2d 58 (1947) ............................................................. 16

*Hudesman v. Meriwether Leachman Assocs., Inc.*, 35 Wn. App. 318, 666 P.2d 937 (1983) ............................................................................................................................. 9

*Hutchins v. 1001 Fourth Ave. Assocs.*, 116 Wn.2d 217, 802 P.2d 1360 (1991) .................. 11, 12

*James v. Robeck*, 79 Wn.2d 864, 490 P.2d 878 (1971) ............................................................. 12

*Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116 (9th Cir. 2008) ................................ 5

*Jones v. Commerce Bancorp, Inc.*, No. 06-835, 2006 WL 1409492 (S.D.N.Y. May 23, 2006) ........................................................................................................................ 13

*Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983) .................................................................. 6

*Key v. DSW, Inc.*, 454 F. Supp. 2d 684 (S.D. Ohio 2006) ........................................................ 11

*King v. Rice*, 146 Wn. App. 662, 191 P.3d 946 (2008) ........................................................ 14, 15

*Kuhn v. Capital One Fin. Corp.*, 2006 WL 3007931 (Mass. App. Ct. Oct. 23, 2006) ......................................................................................................................................... 13

*McKeown v. First Interstate Bank*, 194 Cal. App. 3d 1225 (1987) .......................................... 13

*Meissner v. City of Seattle*, 14 Wn. App. 457, 542 P.2d 795 (1975) .......................................... 9

*Miller v. U.S. Steel Corp.*, 902 F.2d 573, 575 (7th Cir. 1990) ................................................. 14

*Milone & Tucci, Inc. v. Bona Fide Builders, Inc.*, 49 Wn.2d 363, 301 P.2d 759 (1956) ......................................................................................................................................... 17

*Panag v. Farmer's Ins. Co.*, ___ Wn.2d ___, 204 P.3d 885 (2009) .......................................... 13

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS
C09-00216 (RAJ) Page - iii

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629 (7th Cir. 2007) .......................................8, 9, 10, 11

*Ruiz v. Gap, Inc.*, 540 F. Supp. 2d 1121 (N.D. Cal. 2008) .......................................9, 10

*Ruiz v. Gap, Inc.*, No.07-5739, 2009 WL 941162 (N.D. Cal. Apr. 6, 2009) ..............................8

*Sofie v. Fibreboard Corp.*, 112 Wn.2d 636, 771 P.2d 711 (1989) ...............................12

*St. John Med. Ctr. v. State*, 110 Wn. App. 51, 38 P.3d 383 (2002)...........................16

*State v. Boland*, 115 Wn.2d 571, 800 P.2d 1112 (1990)..........................................7

*State v. Mayze*, 280 Ga. 5, 622 S.E.2d 836 (2005) ............................................7

*Stephens v. Omni Ins. Co.*, 138 Wn. App. 151, 159 P.3d 10 (2007)..............................9

*Stieneke v. Russi*, 145 Wn. App. 544, 190 P.3d 60 (2008) ...................................16

*Talley v. Henriksen, Bobrowske & Andrews*, 57 Cal. Rptr. 2d 462 (1996) ......................13

*Trendwest Resorts, Inc. v. Ford*, 103 Wn. App. 380, 12 P.3d 613 (2000) *rev'd on other grounds*, 146 Wn.2d 146, 43 P.3d 1223 (2002) ..........................................17

*Vasquez v. L.A. County*, 487 F.3d 1246 (9th Cir. 2007) .....................................7, 11

*Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061 (9th Cir. 2008) ..............................5

*Wilson Court Ltd. P'ship v. Tony Maroni's, Inc.*, 134 Wn.2d 692, 952 P.2d 590 (1998)................................................................................18

*Witriol v. LexisNexis Group*, No. 05-2392, 2006 WL 4725713 (N.D. Cal. Feb. 10, 2006) ...........................................................................................9

*Wooden v. Bd. of Regents*, 247 F.3d 1262 (11th Cir. 2001) .....................................6

*Young v. Young*, 164 Wn.2d 477, 191 P.3d 1258 (2008)...........................................17

**Statutes**

Fair Credit Reporting Act, 15 U.S.C. § 1681c.....................................................9

RCW 9.35.001 .......................................................................................7

**Other Authorities**

ERWIN CHEMERINSKY, FEDERAL JURISDICTION 58 (4th ed. 2003)..........................................7

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

2

## I.   INTRODUCTION

Plaintiffs Laura Krottner and Ishaya Shamasa Amended Complaint seek redress for

Defendant Starbucks Corporation's ("Starbucks") breach of its promise and duty to protect the

sensitive Personal Identifiable Information ("PII") they gave to Starbucks as part of their

employment.  Starbucks' failure to safeguard Plaintiffs' PII constitutes both negligence and

breach of contract.  Starbucks' pending motion to dismiss offers the Court no reasoned legal

basis on which to dismiss the Amended Complaint.  Rather, it repeatedly mischaracterizes the

Amended Complaint and raises disputed issues of material fact that this Court should not resolve

on a motion to dismiss.

## II.   BACKGROUND

**A.   Starbucks Failed to Safeguard the PII of 97,000 Employees**

In October of 2008, a Starbucks laptop containing the names, addresses, and the Social

Security numbers of roughly 97,000 employees was stolen in the greater Seattle area.  Amended

Complaint ¶ 2 ("Am. Compl.").  This is at least the second time in roughly two years that

Starbucks has failed to secure its laptops containing PII.  *Id.* ¶ 3.  As alleged, not only did

Starbucks imprudently store PII on an unprotected laptop, it even failed to encrypt the PII data—

a standard in protecting sensitive data.  *Id.*  ¶¶ 2, 6, 22, 39, 42-44.  More than twenty days after

the theft, Starbucks informed some of its employees by letter ("Notice Letter") that the PII of

97,000 Starbucks employees had been stolen while the PII was in Starbucks' possession and

control.  *Id.* ¶ 24.  In the Notice Letter, Starbucks stated that it had "no indication that the private

information has been misused," even though the PII was in the hands of one or more criminals.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*Id.* ¶ 79.  Starbucks has provided no basis for this conclusion, nor any guarantees that the information would not be misused in the future.

Following the theft, Starbucks offered its employees a paltry remedy of one-year of low-level credit monitoring from Equifax through its Equifax Credit Watch[TM] Silver ("Silver Package").  *Id.* ¶¶ 82-84.  This service has proven inadequate and even misleading.  *Id.* ¶ 34, 82-84.[1]  Despite Starbucks' ephemeral efforts to remedy the loss of its employees' PII, Plaintiffs and the proposed Class have spent and will continue to spend considerable time and money attempting to prevent and to monitor their financial accounts for fraudulent activity.  *Id.* ¶ 85.

As a direct result of Starbucks' failure to safeguard its employees' PII, Plaintiff Laura Krottner and Ishaya Shamasa and the proposed Class have had their PII compromised, invaded, and taken from their exclusive control.  *Id.* ¶¶ 7, 34-35.  Moreover, they have incurred out-of-pocket costs, lost time, and other economic damages relating to the vigilant monitoring of their credit card accounts, credit reports, and other financial information.  *Id.*  Plaintiffs Laura Krottner and Ishaya Shamasa have suffered concrete and particularized harm traceable to Starbucks' failures and, therefore, they have standing in this Court to pursue claims against Starbucks on behalf of themselves and the proposed Class.

**B.    Starbucks Breached Its Duty of Care**

In this electronic age, it is standard practice to encrypt sensitive personal and financial information, including employee PII, to protect the information from both internal and external threats.  Am. Compl. ¶¶ 2, 6, 22, 39, 42-44.  As alleged, Starbucks violated both the Federal Trade Commission's ("FTC") guidelines for businesses on how to protect against crimes of

---

[1] Indeed, Plaintiff Shamasa believes that his identity was stolen as a result of Starbucks' loss of his PII.  Am. Compl. ¶¶ 33-35.  Although he signed up for the credit monitoring offered by Starbucks through Equifax, he was not informed by Equifax when his PII was apparently used to set up a new, fraudulent bank account, illustrating the inadequacy of Starbucks' proposed remedy.  *Id.*

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

identity theft, and the Washington State Office of the Attorney General's ("WSOAG") compilation of "best practices" for protecting the personal information collected by businesses. *Id.* ¶¶ 46-50.  Moreover, Starbucks failed to abide by its own policy that forbids the storage of PII on laptops in the first instance.  *Id.* ¶¶ 40-41.  Thus, by failing to encrypt the PII contained on the laptop it failed to protect, Starbucks violated its duty of care to safeguard its employees' PII despite its awareness of the weaknesses in its security measures.  *Id.* ¶¶ 51-59, 69-70.

Starbucks' failure to maintain reasonable and adequate security procedures to protect against the theft of Plaintiffs' PII have put Plaintiffs and the proposed Class at an increased and imminent risk of becoming victims of identity theft.  *Id.* ¶¶ 69-70.  In addition to having their PII compromised, Plaintiffs and the proposed Class have and will continue to incur out-of-pocket costs, lose time, and suffer other economic damages to monitor their credit card accounts, credit reports, and other financial information to protect their PII from misuse now and in the future. *Id.* ¶ 69.

Starbucks has subsequently admitted the need to encrypt PII when it notified its employees of the October 2008 Breach: "When these incidents occur, we take the opportunity to once again review our procedures for protecting data . . . . In fact, we are currently implementing encryption solutions where appropriate."  *Id.* ¶ 43.

## C.     Starbucks Breached Its Contractual Obligations

The Amended Complaint explains in detail the contractual relationship between Plaintiffs and Starbucks through which Starbucks obligated itself to protect Plaintiffs' PII.  Am. Compl. ¶¶ 60-68.  Starbucks gathers and uses Social Security numbers to aid it in hiring, promoting, transferring and reassigning employees.  *See id.* ¶¶ 60-61.  Starbucks requests this information as "consideration" for employment and promotion.  *Id.*  As inducement to and an obvious element

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS
C09-00216 (RAJ) Page - 3

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

of such a request for delicate, confidential information, Starbucks sets forth its promise to safeguard all PII it obtains in the alleged "Application Contract." *Id.* Specifically, Starbucks states that "[c]onfidential information may be shared on a need-to-know basis," and that access to the information is limited. *Id.* ¶ 61. An implied element in this statement and the overall bargain is that Starbucks, sitting in a position of trust, will protect its employees' PII from disclosure or loss. *Id.* Plaintiffs accepted and acknowledged the terms of this contract by giving Starbucks their PII. *Id.* ¶ 60. Thus, Plaintiffs and Starbucks agreed to an exchange of promises: Plaintiffs would furnish their PII to Starbucks to be considered for employment and promotion, and Starbucks, in turn, promised to safeguard Plaintiffs' information. *Id.*

Starbucks' promise to protect employee PII is also expressly set forth in its *Standards of Business Conduct* ("Partner Privacy Contract"), which details the "legal and ethical standards that we all must follow on a day-to-day basis." Am. Compl. ¶ 63. Plaintiffs assented to these terms by virtue of their employment at Starbucks. Within the Partner Privacy Contract, Starbucks expressly states, with regard to "Confidential Materials," that "[j]ust as we take care to protect our information, Starbucks respects the information of others." *Id.* ¶ 64. The Partner Privacy Contract also states, regarding "PARTNER PRIVACY AND PERSONAL ACTIVITIES," that "[t]reating each other with respect and dignity includes respecting one another's privacy." *Id.* (emphasis in original). Additionally, the Partner Privacy Contract states that Starbucks "strives to provide a safe work environment for all partners," implying the safety of PII. *Id.* ¶ 63. As alleged, Starbucks thus agreed to protect its employees' PII with equal vigor, as a *quid pro quo* for requiring employees to disclose to Starbucks their private information. *Id.* ¶¶ 63-65.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS
C09-00216 (RAJ) Page - 4

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

In another privacy contract, Starbucks represents to its customers that it will protect their PII ("Employee-Customer Contract").  Am. Compl. ¶ 66.  This contract applies to Plaintiffs, who are customers of Starbucks in addition being or having been employees.  This contract includes Starbucks' promise to encrypt such information that it collects from them.  *Id.*  Thus, while Starbucks promises to encrypt its customers' PII, it has not done the same for its employees.

As alleged, by failing to adequately safeguard and protect the laptop that contained PII and was stolen in October 2008, Starbucks breached the material terms of the mutual exchange of promises that Starbucks itself set forth in the Application and Partner Privacy Contracts.  Am. Compl. ¶¶ 67-68.  Moreover, Starbucks applied a double standard by encrypting customer PII, while leaving employee PII unencrypted.  *Id.*  This conduct violates the letter and spirit of the promises that Starbucks expressly made in the documents that form the core contract described above.  *Id.*

As a result of Starbucks' negligence and breach of contract, Plaintiffs have suffered damages and the increased risk of future harm and damages.  Am. Compl. ¶¶ 69-70.  The loss of Plaintiffs' PII makes them an easier mark for identity theft throughout their lives.  *Id.*

## III.   ARGUMENT

### A.   Legal Standard

A complaint need only advise a defendant what a plaintiff's claims are and the grounds upon which they rest.  *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008).  A complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face."  *Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In reviewing a motion to dismiss, the court accepts all material allegations as true

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

and construes them in the light most favorable to plaintiffs.  *Calhoun v. Special Commitment Ctr.*, No. 08-5101, 2009 WL 674457, at *4 (W.D. Wash. Mar. 12, 2009) (citing *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983)).

## B.    Plaintiffs Have Alleged Article III Standing

Plaintiffs' Amended Complaint satisfies the requisite elements of standing.  That is, Plaintiffs have suffered an injury in fact which is traceable to Starbucks' negligent conduct and breach of contract which would be redressed by a favorable decision from this Court.

A plaintiff has standing under Article III if she alleges that she has suffered an "injury in fact," which is "fairly traceable" to the defendant and which is redressable by a favorable decision.  *See Bennett v. Spear*, 520 U.S. 154, 162 (1997) (citations omitted).  Standing is "a threshold determination that is conceptually distinct from whether the plaintiff is entitled to prevail on the merits."  *Wooden v. Bd. of Regents*, 247 F.3d 1262, 1280 (11th Cir. 2001); *see Equity Lifestyles Property, Inc. v. County of San Luis Obispo*, 548 F.3d 1184, 1189 n.10 (9th Cir. 2008) ("The jurisdictional question of standing precedes, and does not require, analysis of the merits.").  Starbucks challenges only whether Plaintiffs have alleged injury in fact, *see* Defendant's Motion to Dismiss ("MTD") at 6, and thereby concedes traceability and redressability.

### 1.    The Injury to Plaintiffs' Private Personal Information Satisfies Standing

Plaintiffs have alleged that Starbucks' negligent exposure of their PII to criminals has caused them a distinct and particularized injury to their privacy interest in their unique personal identity.  Am. Compl. ¶¶ 93, 100.  This is sufficient to satisfy standing.

As the Ninth Circuit has noted, "the standing doctrine is aimed at 'improv[ing] judicial decision-making by ensuring that there is a specific controversy before the court and that there is

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS
C09-00216 (RAJ) Page - 6

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

an advocate with a *sufficient personal concern* to effectively litigate the matter.'"  *Vasquez v.*

*L.A. County*, 487 F.3d 1246, 1250 (9th Cir. 2007) (emphasis added) (quoting ERWIN

CHEMERINSKY, FEDERAL JURISDICTION 58 (4th ed. 2003)).  Thus, a plaintiff satisfies this element

by alleging "a personal stake in the outcome of the controversy as to assure that concrete

adverseness which sharpens the presentation of issues . . . ."  *Baker v. Carr*, 369 U.S. 186, 204

(1962); *Vasquez*, 487 F.3d at 1250 (same).

It is elemental that an individual has a privacy and possessory interest in confidential,

personal information, including Social Security numbers.  For example, the Washington

Supreme Court has even held that an individual has a protected privacy interest in one's garbage.

*State v. Boland*, 115 Wn.2d 571, 578, 800 P.2d 1112 (1990).  The logic of this holding is equally

relevant to Social Security numbers, which Washington recognizes as a component of one's

personal privacy.  *See* RCW 9.35.001 (stating that, with regard to criminal prosecution of

identity theft, sensitive personal information includes a "person's privacy, financial security, and

other interests"); *City of Kirkland v. Sheehan*, No. 01-2-09513-7, 2001 WL 1751590, at *6

(Wash. Super. May 10, 2001) ("Access to an individual's SSN enables a new holder to obtain

access to and to control, manipulate or alter other personal information." (citations omitted)); *see*

*also State v. Mayze*, 280 Ga. 5, 10-11, 622 S.E.2d 836 (2005) (noting that identity fraud is an

offense "involving the victim's possessory interest in his or her own personal information").

Thus, the loss of and misuse of one's Social Security number is sufficient harm to one's person

and privacy to demonstrate the requisite personal concern implicated in the "injury in fact"

element of standing.

Starbucks' failure to protect Plaintiffs' PII from disclosure has specifically caused

Plaintiffs an injury in fact.  Indeed, Plaintiff Shamasa believes he has had his identity used for

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

fraudulent purposes as a result of the breach.  Am. Compl. ¶ 34.  As alleged, Plaintiffs have a possessory interest in their PII and an interest in it remaining private.  *Id.* ¶ 52.  Moreover, Plaintiffs' Social Security numbers have substantial value to Plaintiffs and to the criminals in whose possession their PII remains.  Social Security numbers are critical to one's private identity and indeed control access to things such as credit card accounts, bank accounts, and investment funds.  Plaintiffs have thus alleged an injury to their privacy and possessory interest by virtue of their Social Security numbers being in the hands of criminals.

### 2.  Plaintiffs Have Suffered an Injury in Fact Due to the Increased Risk of Identity Theft

Contrary to Defendant's over-simplification of the law, courts across the country recognize that a threat of future harm, or an act by a defendant that increases the risk of future harm to a plaintiff, satisfies Article III standing.  *See Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633-34 (7th Cir. 2007); *Caudle v. Towers, Perrin, Forster & Crosby, Inc.*, 580 F. Supp. 2d 273, 279 (S.D.N.Y. 2008); *Ruiz v. Gap, Inc.*, No.07-5739, 2009 WL 941162, at *2-3 (N.D. Cal. Apr. 6, 2009) (*Ruiz II*); *Brittingham v. Cerasimo, Inc.*, No. 08-216, 2009 WL 1010427 (N.D. Ind. Apr. 14, 2009).[2]

An injury is not speculative or contingent simply because future events may affect its permanency or the amount of monetary damages eventually incurred.  *See Allen v. United Food & Commercial Workers Int'l Union*, 43 F.3d 424, 427-28 (9th Cir. 1994) (distinguishing "uncertain *damage*, which prevented recovery, from an uncertain *extent* of damage, which did *not* prevent recovery" (emphasis added)).  In fact, a person may suffer appreciable harm before he sustains all, or even the greater part, of the damages occasioned by an act of negligence.

---

[2] Moreover, Plaintiffs do not bootstrap their standing based on the standing of absent class members. *See* Def. MTD at 13.  Allegations that absent class members and Plaintiff Shamasa have suffered identity theft are plead to show that Plaintiffs are at a severe risk of their PII being used for the purposes of identity theft.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS
C09-00216 (RAJ) Page - 8

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*Hudesman v. Meriwether Leachman Assocs., Inc.*, 35 Wn. App. 318, 321, 666 P.2d 937 (1983). Incurring or paying fees or costs to extricate oneself from the effects of the negligence constitutes appreciable harm.  *See Meissner v. City of Seattle*, 14 Wn. App. 457, 542 P.2d 795 (1975) (medical costs necessitated by another's negligence recoverable); *Stephens v. Omni Ins. Co.*, 138 Wn. App. 151, 180, 159 P.3d 10 (2007) (holding that under the Washington Consumer Protection Act, RCW 19.86, the "time and expense" of investigating possible damage to one's credit rating constitute injury).

   As recent decisions have held, the intentional theft of PII is sufficient to confer standing for the victims of such theft.   Injury in fact can be a threat of future harm or an act by the defendant that increases the plaintiff's risk of future harm.  *Ruiz v. Gap, Inc*., 540 F. Supp. 2d 1121, 1126 (N.D. Cal. 2008) (*Ruiz I*); *see Pisciotta*, 499 F.3d at 634 ("[T]he injury-in-fact requirement can be satisfied by a threat of future harm or by an act which harms the plaintiff only by increasing the risk of future harm that the plaintiff would have otherwise faced, absent the defendant's actions."); *Caudle*, 580 F. Supp. 2d at 279; *Witriol v. LexisNexis Group*, No. 05-2392, 2006 WL 4725713, at *6 (N.D. Cal. Feb. 10, 2006) (holding that costs associated with monitoring and repairing credit impaired by the unauthorized release of private information were sufficient for allegation of actual injury and monetary loss); *see, e.g.*, *Arcilla v. Adidas Promotional Retail Operations, Inc.*, 488 F. Supp. 2d 965, 972 (C.D. Cal 2007) (holding that under the Fair Credit Reporting Act, 15 U.S.C. § 1681c, plaintiffs suffered "actual harm" when "subjected to an increased risk of identity theft").  "Once the plaintiffs' allegations establish at least this level of injury, the fact that the plaintiffs anticipate that some greater potential harm might follow the defendant's act does not affect the standing inquiry." *Pisciotta*, 499 F.3d at 634.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Plaintiffs' allegation of the imminent threat of future injury is sufficient to confer Article III standing.  *See Ruiz II*, 2009 WL 941162, at *3; Am. Compl. ¶ 6.  As alleged, Starbucks exposed Plaintiffs to the risk of identity theft by storing their PII on a laptop, failing to encrypt the data, and failing to properly secure the laptop.  Am. Compl. ¶¶ 6-7, 21; *see Brittingham*, 2009 WL 1010427, at *4 (holding that the increase risk of future harm satisfies standing).  At this point in the litigation, Plaintiffs' allegations regarding the nature of the identity theft are factual determinations that are taken as true, and they have thus established standing.

Defendant's arguments rely on distinguishable authority that does not follow the trend of the Ninth Circuit.  The Ninth Circuit has long held that the credible threat of future injury is sufficient to satisfy the plaintiff's Article III standing.  *Cent. Delta Water Agency v. United States*, 306 F.3d 938, 947 (9th Cir. 2002).  Indeed, the Seventh Circuit, the sole Circuit Court of Appeals to consider standing with regard to lost PII, confirms the Ninth Circuit's rule with regard to standing for future harm.  *Pisciotta*, 499 F.3d at 634.  It is this logic that the district court in *Ruiz* recently applied in holding that the plaintiff had standing to pursue common law claims against the defendant for its loss of the plaintiff's PII.  *Ruiz I*, 540 F. Supp. 2d at 1126 (citing *Hartman v Summers*, 120 F.3d 157, 160 (9th Cir. 1997)).  As the only in-circuit district court case on point, *Ruiz* is of particular relevance to the Court's consideration, and Plaintiffs respectfully urge the Court to employ and apply its holding and reasoning.

Defendant's cases are distinguishable.  In *Bell v. Acxiom Corp.*, No. 06-485, 2006 WL 2850042 (E.D. Ark. Oct. 3, 2006) and *Giordano v. Wachovia Sec., LLC*, No. 06-476, 2006 WL 2177036, at *5 (D.N.J. July 31, 2006), the plaintiffs did not know whether their information had been stolen and they failed to allege that it had been stolen.  Here, on the other hand, Starbucks notified Plaintiffs that their information was compromised and stolen.  *See* Am. Compl. ¶ 23.  In

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS
C09-00216 (RAJ) Page - 10

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

another case that Defendant relies on, *Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 688, 690 (S.D. Ohio 2006), the court ruled that standing cannot be based *solely* on having an increased risk of theft.[3]   However, *Key* runs contrary to the holdings in both *Pisciotta* and *Ruiz II*, which should guide this Court.

Whether Plaintiffs' PII is now in fact in the hands of criminals and may be used in an unlawful manner is a question of fact that should be determined with the aid of discovery. Moreover, such information is not a required to satisfy constitutional standing under the relevant law of this Circuit.  *See Vasquez*, 487 F.3d at 1250.

**C.    Defendant Provides No Basis to Dismiss Plaintiffs' Negligence Claim**

**1.    Plaintiffs Have Pled the *Prima Facie* Elements of Negligence**

Plaintiffs have alleged with sufficient detail the requisite elements of their negligence claim pursuant to Washington law.  Indeed, Defendant attacks only whether Plaintiffs have alleged sufficient evidence of damages.  Although Defendant has failed to point to any defect in the other *prima facie* elements, Plaintiffs address them briefly here.

Under Washington law, to establish a claim for negligence, the plaintiff must allege: (1) duty, (2) breach, (3) causation, and (4) damages.  *Hutchins v. 1001 Fourth Ave. Assocs.*, 116 Wn.2d 217, 220, 802 P.2d 1360 (1991).  Plaintiffs have alleged each element with particularity. First, Plaintiffs allege that Starbucks owed a duty to safeguard Plaintiffs' PII in a manner consistent not only with certain guidelines from the FTC and the WSOAG, but also with its own internal guidelines.  Am. Compl. ¶¶ 40-41, 46-59.   Second, Plaintiffs allege that Starbucks breached this duty by storing the information on a laptop that was unsecured, and for failing to

---

[3] As Plaintiff Shamasa's experience shows, identity theft is not merely a hypothetical result of Starbucks' actions. Am. Compl. ¶¶ 33-35.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    encrypt the data on that laptop.  *Id.* ¶¶ 55-59.  Third, as discussed below, Plaintiffs have alleged

2    specific damages that were caused by Starbucks' negligent acts.  *Id.* ¶¶ 69-71.

3            **2.      Plaintiffs Have Alleged Sufficient Damages Under Washington Law**

4            Starbucks asks the Court to dismiss Plaintiffs' negligence and breach of contract claims

5    based on its assumption that Washington courts "generally reject[] damages based on an

6    increased risk of potential harm."  MTD at 18.  While acknowledging that "no Washington court

7    has directly addressed data loss cases like this," Starbucks asks the Court to take the issue of

8    damages away from the jury based on only two Washington cases.  *Id.* at 15, 18.  Starbucks

9    makes this request despite the long-standing rule of law in Washington that the issue of damages

10   is a factual issue to be determined by a jury.

11           In fact, the Washington Supreme Court has held that the "jury's damage-finding

12   function" is "constitutional in nature," and must be respected.  *Sofie v. Fibreboard Corp.*, 112

13   Wn.2d 636, 645, 771 P.2d 711 (1989) (citing *James v. Robeck*, 79 Wn.2d 864, 869, 490 P.2d 878

14   (1971) ("To the jury is consigned under the constitution the ultimate power to weigh the

15   evidence and determine the facts-and the amount of damages in a particular case is an ultimate

16   fact.")); *see also Brust v. Newton*, 70 Wn. App. 286, 293, 852 P.2d 1092 (1993) ("The question

17   of damages [is] similarly factual in nature. Damage determinations are a classic example of the

18   type of questions which are traditionally decided by a jury.").

19           The two Washington cases cited by Starbucks do not alter this legal principle in any way.

20   In fact, they support Plaintiffs' case.  In *Duncan v. Northwest Airlines, Inc.*, 203 F.R.D. 601, 607

21   (W.D. Wash. 2001), the court found that the plaintiff could not maintain a separate claim for

22   medical monitoring because it was a "novel, nontraditional tort and remedy" that was not

23   recognized under Washington law.  However, more relevant to this case, the court determined

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS
C09-00216 (RAJ) Page - 12

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

that the plaintiff could seek damages for her existing injuries by pursuing "medical monitoring as a remedy to her negligence claim under Washington law." *Id.* at 609.  Similarly, in *Panag v. Farmer's Ins. Co.*, ___ Wn.2d ___, 204 P.3d 885, 903 (2009), the court held that the plaintiffs could seek to recoup the cost of credit monitoring because "[t]he expenses incurred by the plaintiffs to monitor their credit represent a completed harm."[4]

As explained above, at least two plaintiffs have suffered an existing injury as a result of a "completed harm."  Plaintiff Shamasa has alleged that he was the victim of identity theft when he discovered than an individual attempted to open a checking account in his name.  Am. Compl. ¶¶ 33-35.  Plaintiffs have incurred and will continue to incur expenses related to credit monitoring that they have registered for.  *Id.* ¶ 30.  Thus, Starbucks' arguments are unsupported by the law and without merit.

### 3.    The Economic Loss Rule Does Not Apply

Defendant erroneously contends that the economic loss rule bars Plaintiffs' negligence claim.  The harm suffered by Plaintiffs and the proposed Class is not an economic loss and therefore the relief sought under Count I (negligence) is not barred by the rule.

"The economic loss rule applies to hold parties to their contract remedies when a loss potentially implicates both tort and contract relief." *Alejandre v. Bull*, 159 Wn.2d 674, 681, 153

---

[4] Courts have routinely held that time and money spent in monitoring bank accounts, requesting credit reports, purchasing monitoring services, and attempting to remediate losses caused by lost PII constitute damages.  *See Jones v. Commerce Bancorp, Inc.*, No. 06-835, 2006 WL 1409492, at *2 (S.D.N.Y. May 23, 2006) (holding that time spent trying to remedy harm caused by a data breach satisfied the element of damages under a claim for negligence); *EMC Mortgage Corp. v. Jones*, 252 S.W.3d 857, 872 (Tex. App. 2008) (same); *McKeown v. First Interstate Bank*, 194 Cal. App. 3d 1225, 1229 (1987) (negligence damages awarded for paying fees to remedy effects of malpractice), *overruled on other grounds as stated in Talley v. Henriksen, Bobrowske & Andrews*, 57 Cal. Rptr. 2d 462, 464 (1996); *Kuhn v. Capital One Fin. Corp.*, 2006 WL 3007931, at *3 (Mass. App. Ct. Oct. 23, 2006) (holding that time spent seeking to prevent or undo harm caused by negligence is compensable and that "one 'whose legally protected interests have been endangered by the tortuous conduct of another is entitled to recover for expenditures reasonably made or harm suffered in a reasonable effort to avert the harm threatened'" (citing Restatement (Second) of Torts § 919 (1979))).

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS
C09-00216 (RAJ) Page - 13

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

P.3d 864 (2007).  "The rule prohibits plaintiffs from recovering in tort economic losses to which

their entitlement flows *only from contract* because tort law is not intended to compensate parties

for losses suffered as a result of a breach of duties assumed only by agreement."  *Id.* at 682

(quotation omitted) (emphasis added).  "But the rule does not bar recovery for personal injury or

*damage to property* other than a defect in the property."  *King v. Rice*, 146 Wn. App. 662, 671,

191 P.3d 946 (2008) (emphasis added).  Moreover, as Justice Chambers recognized in his

concurrence in *Alejandre*, "'[t]he insight behind the [economic loss rule] doctrine is that

commercial disputes ought to be resolved according to the principles of commercial law rather

than according to tort principles designed for accidents that cause personal injury or property

damage.'"  *Alejandre*, 159 Wn.2d at 694 (Chambers, J., concurring) (quoting *Miller v. U.S. Steel

Corp.*, 902 F.2d 573, 575 (7th Cir. 1990) (Posner, J.)).  "Economic loss . . . includes the

diminution in the value of [a] product because it is inferior in quality and does not work for the

general purposes for which it is manufactured and sold."  *Id.* at 695 (citation and quotation

omitted).[5]  It "is called in law an 'economic loss,' to distinguish it from an injury to the plaintiff's

person or property (property other than the product itself), the type of injury on which a products

liability suit usually is founded." *Miller*, 902 F.2d at 574.

    As alleged, Plaintiffs' and the proposed Class' negligence claim seek relief solely for

harm to Plaintiffs' and the Class' personal property—their PII.  Am. Compl. ¶ 52. ("Such

information is a property interest owned by employees . . . ."); *see* Restatement (Third) of

Agency § 8.05 (treating confidential information in an employer/employee relationship as

---

[5] The rule operates primarily with regard to product defects.  For example, a claim for negligence would be barred by the economic loss doctrine if the commercial purchaser of tires contracted to purchase a large quantity of tires with an advertised tread pattern that was not as the seller/manufacturer advertised.  The losses flow purely from the contractual term that the tires would have a certain tread pattern, not from some injury to the property of the buyer.  Rather, this is solely a product defect.  This is distinct from the loss of PII in the instant case, where the losses flow from Defendant's breach of a duty to safeguard the personal property, the PII, of Plaintiffs.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS
C09-00216 (RAJ) Page - 14

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

"property").  The harm to and loss of personal property is not an economic loss.  *See King*, 146

Wash. App. at 671 (holding that the destruction of a structure was not an economic loss); *see*

*also Alex Hofrichter, P.A. v. Zuckerman & Venditti, P.A.*, 710 So.2d 127 (Fla. Dist. Ct. App.

1998) (holding that defendant's intentional misconduct converted plaintiff's property to his own

use, and that the claim was not barred by economic loss rule).  Although the loss of property may

be compensated by monetary damages, it does not therefore become an economic loss for

purposes of the economic loss rule.  *See Alejandre*, 159 Wn.2d at 695-96; *Miller*, 902 F.3d at

575.  Because the Amended Complaint alleges a harm and damage to personal property, the

economic loss rule is inapposite.  This is not a mere "commercial dispute[ that] ought to be

resolved according to the principles of commercial law."  *Alejandre*, 159 Wn.2d at 694 (citation

omitted) (Chambers, J., concurring).  As Chief Judge Lasnik has observed, "identity theft can

create huge emotional problems for people . . . .  It causes rifts between husbands and wives, it

causes divorces."  Am. Compl. ¶ 5.  More than just dollars are at stake here.

Moreover, as alleged, Plaintiffs' negligence claim is wholly distinct from their contract

claim.  The Amended Complaint alleges that "Defendant had a duty to exercise reasonable care

to protect and secure Plaintiffs' and the proposed Class Members' PII within its possession or

control" and that it failed to do so.  Am. Compl. ¶ 95.  Thus, the damages sought by Plaintiffs

and the proposed Class in the negligence claim stem from Defendant's negligent acts and

concern damage to personal property, not economic losses.

The Amended Complaint's allegation of property damage is distinguishable from

*Alejandre*, the sole Washington case on which Defendant relies.  In *Alejandre*, the plaintiffs

sought damages arising out of the defendant's negligent misrepresentation regarding a defective

septic system that was not disclosed at the time of the sale of the home.  *Alejandre*, 159 Wn.2d at

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

685; *see also Stieneke v. Russi*, 145 Wn. App. 544, 190 P.3d 60 (2008) (holding that defects in a roof of a newly purchased home caused economic loss, not property damage, and were barred by the economic loss rule).  The court held that this was essentially a claim for a defective product, which was purely economic in nature; the rule barred the plaintiffs' desired recovery.  *Alejandre*, 159 Wn.2d at 685.  Here, however, Plaintiffs and the proposed Class do not allege a defect in a product.  Rather, Plaintiffs' negligence claim involves the negligent handling of PII over which Starbucks exercised control.  Thus, Plaintiffs and the proposed Class properly complain of injury which is not an economic loss.  Thus, *Alejandre* is of no support to Defendant's position.

**D.      Defendant's Motion to Dismiss Plaintiffs' Contract Claim Is Without Merit**

The Amended Complaint contains specific allegations that refute the basis of Defendant's motion to dismiss Plaintiffs' contract claim.  As alleged, Starbucks breached its agreement to safeguard Plaintiffs' PII, which was given to Starbucks as part of a contract arising out of Plaintiffs' employment at Starbucks.  Plaintiffs have alleged all requisite elements of a contract. Defendant merely disputes these allegations and creates a factual issue that cannot be resolved on a motion to dismiss.   Such diversionary arguments do not support dismissal.

Washington defines a bilateral contract as "the exchange of reciprocal promises." *Duncan v. Alaska USA Fed. Credit Union, Inc.*, 148 Wn. App. 52, 74, 199 P.3d 991 (2008) (quotation omitted).  "A bilateral contract requires two independent promises: 'A' promises to perform and 'B' promises to perform."  *St. John Med. Ctr. v. State*, 110 Wn. App. 51, 65, 38 P.3d 383 (2002) (citing *Higgins v. Egbert*, 28 Wn.2d 313, 317-18, 182 P.2d 58 (1947)).  "Parties need not reach perfect assent, but rather assent to a 'core of common meaning' that determines both parties' performance obligations with enough certainty to fashion a legal remedy." *Brotherson v. Prof'l Basketball Club, LLC*, 604 F. Supp. 2d 1276, 1283 (W.D. Wash. 2009)

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

(quoting *Trendwest Resorts, Inc. v. Ford*, 103 Wn. App. 380, 12 P.3d 613 (2000) *rev'd on other grounds*, 146 Wn.2d 146, 43 P.3d 1223 (2002)).  "The consideration for each promise is the other promise."  *St. John Med. Ctr.*, 110 Wn.2d at 65 (citation omitted).  Plaintiffs have alleged each element of a bilateral contract.

Washington also recognizes the validity of an implied in fact contract, which does not require there to be one single written expression of the parties' intent.  *Young v. Young*, 164 Wn.2d 477, 483, 191 P.3d 1258 (2008).  "A contract implied in fact is an agreement of the parties arrived at from their conduct rather than their expressions of assent."  *Heaton v. Imus*, 93 Wn.2d 249, 252, 608 P.2d 631 (1980).  "Like an express contract, 'it grows out of the intentions of the parties to the transaction, and there must be a meeting of minds.'"  *Id.* (quoting *Milone & Tucci, Inc. v. Bona Fide Builders, Inc.*, 49 Wn.2d 363, 367, 301 P.2d 759 (1956)).  "A contract implied in fact: is an agreement depending for its existence on some act or conduct of the party sought to be charged and arising by implication from circumstances which, according to common understanding, show a mutual intention on the part of the parties to contract with each other."  *Young*, 162 Wn.2d at 485 (quotation omitted).

The Amended Complaint alleges that Plaintiffs and Starbucks entered into a bilateral contract regarding Plaintiffs' PII.  As alleged, Starbucks and Plaintiffs exchanged promises.  In the first promise, Starbucks specifically requested that Plaintiffs provide it with their Social Security number "[i]n consideration of an application for employment, or [as] a current employee for promotion, transfer, reassignment or retention."  Application Contract, Exhibit D to Am. Compl.  As alleged, Plaintiffs "provided his social security number to Starbucks" and thus accepted Starbucks' offer.  Am. Compl. ¶¶ 60-61.  As the return offer, as alleged, Starbucks promised to safeguard Plaintiffs' PII, which is memorialized in both the Application Contract

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS
C09-00216 (RAJ) Page - 17

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

and the *Standards of Business Care* (alleged as the "Partner Privacy Contract").  Am. Compl. Exs. E & F.  The Application Contract states that "[c]onfidential information may be shared on a need-to-know basis," which objectively implies that such information will otherwise be kept secure and undisclosed.  *Id.* ¶ 61.[6]  Plaintiffs also allege that Starbucks' return promise is found in the *Standards of Business Care*, which contains the "legal and ethical standards that we all must follow on a day-to-day basis."  *Id.* ¶ 63.  There, Starbucks states that, with regard to "Confidential Materials," "[j]ust as we take care to protect our information, Starbucks respects the information of others."  *Id.* ¶ 64.  Starbucks also promised to "provide . . . a *safe* and *secure* work environment."  Am. Compl. Ex. F at 5 (emphasis added).[7]  Together, these terms show an objective manifestation of an exchange of promises, which bind Starbucks to safeguard and keep Plaintiffs' PII from unwarranted disclosure.

Plaintiffs have also alleged a mutual exchange of consideration, which Defendant does not challenge.  Plaintiffs allege that Starbucks expressly required as "consideration" that Plaintiffs give their PII, and Plaintiffs received as consideration Starbucks' employment of them.  Am. Compl. ¶ 60.

Additionally, as alleged, Starbucks has clarified the extent of its promise to safeguard PII, at least with regard to its customers: "Starbucks strives to maintain appropriate physical, technical and administrative security with respect to its offices and information systems so as to prevent any loss, misuse, unauthorized access, disclosure, or modification of personal information."  Am. Compl. ¶ 66.  Because Plaintiffs are or have been customers in addition to

---

[6] Any ambiguity in the terms of this agreement must be construed against Starbucks, the drafting party.  *See Wilson Court Ltd. P'ship v. Tony Maroni's, Inc.,* 134 Wn.2d 692, 705, 952 P.2d 590 (1998) (ambiguity will be construed against party that drafted language).

[7] Additionally, with regard to "PARTNER PRIVACY AND PERSONAL ACTIVITIES," Starbucks states that "[t]reating each other with respect and dignity includes respecting one another's privacy.  *Id.* ¶ 63 (emphasis in original).

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

being employees, they are owed this same level of protection promised by Starbucks to all of its customers. *See id.* ¶ 17. Surely Starbucks would not mean to imply that it treats its own employees' PII with less care than it uses toward its customers' PII.

The Amended Complaint sufficiently alleges that Starbucks breached its promise to safeguard Plaintiffs' and the proposed Class' PII. Specifically, the Amended Complaint alleges that: "By failing to adequately safeguard and protect the laptop that contained PII and that was stolen in October 2008, Starbucks breached the material terms of the implied contracts described *supra*." Am. Compl. ¶ 67. The Amended Complaint further alleges that Starbucks breached its promise by permitting PII to exist on a laptop that had inadequate protection against loss or theft and by failing to encrypt the PII on the laptop. *Id.* ¶ 68. The Amended Complaint thus contains sufficient allegations to overcome Starbucks' Motion to Dismiss.

Defendant attacks the Amended Complaint on the erroneous grounds that Plaintiffs have failed to show their subjective belief as to the objective terms of the contract. MTD at 17 ("The Complaint does not even allege that all three documents were read by Plaintiffs, much less understood by them as a contract."). Plaintiffs have indeed alleged that they gave their PII to Starbucks "[a]ccording to the Application Contract," which, by its plain language, requested such information. Am. Compl. ¶ 61. Thus, the Amended Complaint does in fact allege that Plaintiffs acted in direct response to the terms of the Application Contract in which Starbucks made the offer, both expressly and impliedly, to safeguard Plaintiffs' PII. Defendant cannot succeed on its motion by disputing the allegations of the Amended Complaint, which must be accepted as true. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

Similarly, the Amended Complaint does allege that the offer to safeguard Plaintiffs' PII was communicated to Plaintiffs. *See Farrell v. Neilson*, 43 Wn.2d 647, 650, 263 P.2d 264

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS
C09-00216 (RAJ) Page - 19

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

(1953).  Although it asserts that the promises contained in the documents do not support finding

a contract is erroneous, Defendant recognizes that, the terms of the promise from Starbucks need

only be "communicated to the offeree" to show the terms of the agreement.  MTD at 19.  Here,

Plaintiffs allege that Starbucks "makes various promises to its employees," including Plaintiffs,

and does so through its Application Contract and the Partner Privacy Contract.  Am. Compl. ¶

56; *id.* ¶¶ 60-65.  Indeed, the Partner Privacy Contract contains the "legal and ethical standards

that we all must follow on a day-to-day basis," which were communicated to Plaintiffs in the

employee handbook.  *Id.* ¶ 63.  Lastly, Defendant's dispute over the meaning of the Amended

Complaint's usage of the words "according to" simply lays bare that Defendant seeks to

improperly contest material facts on its motion to dismiss.[8]

Contrary to Defendant's bald assertion otherwise, Starbucks' promise to protect

Plaintiffs' PII are unambiguous and not based on Plaintiffs' subjective intent.  *See* Am. Compl.

¶¶ 61, 63-65; MTD at 18-19.  The bounds of Starbucks' promise to safeguard Plaintiffs' PII are

alleged in the written terms of two contracts and implied from the conduct of the parties.  *See id.*

Whether these promises on Starbucks' part are hollow, as Starbucks implies in its motion, cannot

be determined on a motion to dismiss.[9]  Thus, as alleged, the parties "assent[ed] to a 'core of

common meaning' that determines both parties' performance obligations with enough certainty

to fashion a legal remedy."  *Brotherson*, 604 F. Supp. 2d at 1283 (citation omitted).

Similarly, the terms of Starbucks' promises to safeguard Plaintiffs' PII are alleged with

sufficient clarity to ascertain the "core of common meaning" binding the parties.  *Id.*  Defendant

attempts to controvert the allegations with yet another dispute as to issues of fact.  MTD at 19-

---

[8] To the extent that there is any ambiguity, Plaintiffs will seek leave to amend their Amended Complaint.

[9] Starbucks' argument implies that Plaintiffs unilaterally and gratuitously gave their most important, confidential information to Starbucks without any return promise to safeguard the information whatsoever.  This is not what is alleged in the Amended Complaint and it is contrary to common sense.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS
C09-00216 (RAJ) Page - 20

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

20.  For example, Defendant disputes the allegation of the Amended Complaint that

"Confidential Information" includes PII simply by proposing that it relates to different

information than what is alleged.  Am. Compl. ¶ 65.  This raises a factual issue that should not be

addressed on a motion to dismiss.  It also fails to negate the other proclamations of Starbucks'

offer to protect Plaintiffs' PII, and any ambiguity in this language must be construed against

Starbucks, the drafting party.  *See Wilson Court*, 134 Wn.2d at 705.  Similarly, Defendant's

argument that Starbucks' objective promise to safeguard PII is not a promise because it also

satisfies some other legal obligation that Starbucks owes is a red herring.  *See* MTD at 19.  As

alleged, Starbucks freely chose to communicate this promise to Plaintiffs as part of the

Application Contract and made no effort to provide any disclaimer as to its promise, nor is there

anything in the law cited that would controvert the plain language of the promise.  *See Farrell*,

43 Wn.2d at 650.

That the alleged contract does not address the specific terms of how precisely how

Starbucks was to protect Plaintiffs' PII is in no way evidence of a pleading deficiency.  *See* MTD

at 20.  Rather, as this Court has noted, the "[p]arties need not reach perfect assent, but rather

assent to a core of common meaning . . . ."  *Brotherson*, 604 F. Supp. 2d at 1283 (citation

omitted).  Thus, Defendant's contention that the contract fails because the Privacy Contract

"say[s] nothing about the collection, retention, or security of employee PII" is a red herring.

MTD at 20.  The terms of the promise to safeguard Plaintiffs' PII have been specifically alleged

and any lack of details on how Starbucks was to have protected the PII does not controvert the

"core of common meaning" as to the parties' promises.  *Brotherson*, 604 F. Supp. 2d at 1283

(citation omitted).

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Lastly, Plaintiffs have alleged that the Employee-Customers Contract guarantees customers, including Plaintiffs, that Starbucks will safeguard PII, including "employment-related information, such as may be found on . . . background verification information." Am. Compl. ¶ 66. Defendant attacks this promise as irrelevant merely because it applies to customers. MTD at 21. However, Plaintiffs plainly allege that they are customers and received this promise to safeguard their PII, which includes any "employment-related information." Am. Compl. ¶ 66. Whether this somehow excludes Plaintiffs' PII is not a factual issue that can be resolved on a motion to dismiss.

Plaintiffs have alleged with specificity and detail that Starbucks promised to protect Plaintiffs' PII, communicated those written terms to Plaintiffs, and breached the specific promise to keep PII from unintended disclosure. Defendant has offered nothing more than a series of red herrings and disputes of material fact as a basis for granting its motion. Defendant has shown no defect in the allegations other than disagreement with them. The Court should therefore reject Defendant's motion.

## IV.   CONCLUSION

For the reasons stated above, Plaintiffs respectfully urge the Court to deny Defendant's Motion to Dismiss and permit the proceedings to move forward.

DATED this 26th day of May, 2009.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

KELLER ROHRBACK L.L.P.

2

3

By   /s/Gretchen Freeman Cappio
4
Lynn Lincoln Sarko, WSBA #16569
Mark A. Griffin, WSBA #16296
5
Gretchen Freeman Cappio, WSBA #29576
Ian J. Mensher, WSBA #39593
6
1201 Third Avenue, Suite 3200
Seattle, WA  98101-3052
7
Telephone (206) 623-1900, Fax (206) 623-3384
8
Email:    lsarko@kellerrohrback.com
mgriffin@kellerrohrback.com
9
gcappio@kellerrohrback.com
imensher@kellerrohrback.com
10

11
BARNOW AND ASSOCIATES, P.C.
Ben Barnow (admitted *pro hac vice*)
12
One North LaSalle, Suite 4600
Chicago, IL  60602
13
Telephone (312) 621-2000, Fax (312) 641-5504
14
Email:    b.barnow@barnowlaw.com

15

16

17

18

19

20

21

22

23

24

25

26

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

OF COUNSEL:

RALPH K. PHALEN, ATTY. AT LAW
Ralph K. Phalen #36687MO
1000 Broadway, Suite 400
Kansas City, MO  64105
Telephone (816) 589-0753, Fax (816) 471-1701
Email:      phalenlaw@yahoo.com

HARKE & CLASBY, LLP
Lance A. Harke
155 South Miami Ave., Suite 600
Miami, FL  33130
Telephone (305) 536-8220, Fax (305) 536-8229
Email:      lharke@harkeclasby.com

BURGESS AND LAMB, P.C.
Mitchell L. Burgess #47524MO
Keith C. Lamb #56761MO
1000 Broadway, Suite 400
Kansas City, MO  64105
Telephone (816) 471-1700, Fax (816) 471-1701
Email:      mitch@burgessandlamb.com
             keith@burgessandlamb.com

*Attorneys for Plaintiffs and the Proposed Class*

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS
C09-00216 (RAJ) Page - 24

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384